**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4425

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL ADAM ROOKS, a/k/a Adam Rooks, a/k/a Rooks Properties, Incorporated, a/k/a R&J Development Company, Incorporated,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, Senior District Judge. (7:08-cr-00136-BR-1; 7:11-cv-00020-BR)

Submitted: May 4, 2012               Decided: June 21, 2012

Before KING, WYNN, and FLOYD, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, William Ellis Boyle, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Adam Rooks pled guilty, pursuant to a plea agreement, to conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. § 1349 (2006), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2006). The district court sentenced Rooks to eighty-seven months' imprisonment, followed by five years of supervised release. On appeal, Rooks' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that he could find no meritorious issues for appeal, but questioning whether the district court erroneously applied a four-level enhancement for Rooks' role as a leader or organizer of a criminal activity that involved five or more participants. The Government has moved to dismiss Rooks' appeal to the extent it relates to his sentence, asserting that Rooks waived his right to appeal his sentence in his plea agreement. We affirm in part and dismiss in part.

We review de novo whether a defendant has effectively waived his right to appeal. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances,

2

including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if a court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, this court will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." Id. (internal quotation marks and citation omitted).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Rooks knowingly and voluntarily waived his right to appeal his sentence. In the plea agreement, Rooks agreed to waive the right to appeal "whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guidelines range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range." As the district court imposed a sentence within the advisory Guidelines range, the issue Rooks seeks to raise on appeal falls within the scope of his appellate waiver. Accordingly, we grant the Government's motion to dismiss Rooks' appeal of his sentence.

The waiver provision, however, does not preclude this court's review of Rooks' convictions pursuant to Anders. Prior to accepting a guilty plea, a trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charge to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was voluntary and did not result from force, threats, or promises not contained in the plea agreement. Fed. R. Crim. P. 11(b)(2).

We find that the district court complied with the requirements of Rule 11. In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Rooks' convictions.

This court requires that counsel inform Rooks, in writing, of his right to petition the Supreme Court of the United States for further review. If Rooks requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rooks. We dispense with oral

4

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
